### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLOS R. GARCIA,** : | |
| **Petitioner,** : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 21-5583** |
| **SUPERINTENDENT, SCI-** : | |
| **HUNTINGDON,** *et al.*, : | |
| **Respondents.** : | |

### ORDER

**AND NOW**, this 21st day of November, 2022, upon review of Petitioner's Petition for Writ of Habeas Corpus (hereinafter, "Petition") (ECF No. 1) and the Report and Recommendation of United States Magistrate Judge Richard A. Lloret (hereinafter, the "R&R") (ECF No. 6), **IT IS ORDERED** that:

1. The R&R (ECF No. 6) is **APPROVED** and **ADOPTED**.
2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE.** [1]
3. There is no basis for the issuance of a certificate of appealability.
4. The Clerk of Court shall mark this matter **CLOSED**.

**IT IS SO ORDERED.**

                                                                                **BY THE COURT:**

                                                                                */s/ John Milton Younge*
                                                                                **JUDGE JOHN MILTON YOUNGE**

---

[1] **FACTUAL BACKGROUND:**
On February 22, 2014, Petitioner was driving erratically and at a high-rate of speed (over 65 mph in a 35-mph zone) while his seven-year-old son was in the passenger seat. *Com. v. Garcia*, No. 2119 MDA 2014, 2015 WL 6114371, at *1 (Pa. Super. Ct. Aug. 28, 2015). While traveling in the left lane of a road, a gray Honda in front of Petitioner had slowed down to allow the car in front of it to make a left turn. *Id.* As this happened and to avoid the gray Honda, Petitioner swerved into oncoming traffic—resulting in Petitioner crashing into Lisa Stamper's Subaru, seriously injuring Lisa Stamper and Petitioner's son, and ultimately killing Lisa Stamper's daughter, Kaitlyn Berry. *Id.* Blood testing would later reveal that Petitioner's blood alcohol content was .144 at the time of the accident. *Id.* On July 15, 2014, Petitioner entered into an open guilty plea to a number of charges in connection with the crash—including homicide by vehicle while under

the influence, aggravated assault by vehicle, endangering the welfare of a child, DUI, and reckless driving (amongst other charges). *Id.* On September 22, 2014, Petitioner was sentenced to nineteen years and ninety days to thirty-eight years of incarceration. *Id.* On November 17, 2014, the trial court denied Petitioner's post-sentence motion—filed on October 1, 2014—which sought to reduce his sentence to ten to twenty years of incarceration. *Id.* at *2.

**PROCEDURAL HISTORY:**
On December 11, 2014, Petitioner filed a notice of appeal challenging aspects of his sentence as unreasonable and manifestly excessive. *Id.* On August 28, 2015, the Pennsylvania Superior Court affirmed Petitioner's sentence. *Id.* at *6. On November 30, 2015, Petitioner filed a *pro se* Post-Conviction Relief Act ("PCRA") petition. *Commonwealth v. Garcia*, No. 1552 MDA 2016, 2017 WL 2791155, at *1 (Pa. Super. Ct. June 27, 2017). On August 23, 2016, the PCRA court denied Petitioner's petition. *Id.* On June 27, 2017, the Superior Court affirmed the PCRA court's dismissal. *Id.* at *9. On December 27, 2017, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. *Commonwealth v. Garcia*, 644 Pa. 517, 177 A.3d 819, 820 (2017). As an aside, Petitioner also alleges that he filed another PCRA petition on November 25, 2021 (Petition, p. 8, ECF No. 1.); however, the Commonwealth attests that it has no record of said petition ever being filed or docketed. (R&R, p. 3, ECF No. 6.) On December 17, 2021, Petitioner filed a petition for writ of habeas corpus, which is currently before this Court. (ECF No. 1.) By order of this Court on January 6, 2022 (ECF No. 2), the matter was referred to United States Magistrate Judge Richard A. Lloret for a Report and Recommendation. On February 24, 2022, Judge Lloret issued the R&R concluding that Petitioner's petition for writ of habeas corpus relief should be denied because it is time-barred. (R&R, p. 2, ECF No. 6.) Petitioner did not file an objection to the R&R.

**LEGAL STANDARD:**
Where a habeas petition has been referred to the magistrate for a report and recommendation, the district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge…receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636 (b)(1)(C). A district court may decline to review a magistrate judge's report and recommendation when neither party has filed a timely objection. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). When no timely objection is made within fourteen days after being served with the magistrate's report and recommendation, the district court need only review the report and recommendations for plain error or manifest injustice. *See Nara v.* Frank, 488 F.3d 187, 196 (3d Cir. 2007); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998)*; Cruz v. Chater,* 990 F. Supp. 375, 375-78 (M.D. Pa. 1998); Fed. R. Civ. P. 72, 1983 Advisory Committee Notes, Subdivision (b). An error is "plain" if it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993). When timely and specific objections are made, the district court reviews de novo those portions of the report and recommendation to which an objection is made. 28 U.S.C. § 636 (b)(1)(C); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Given that Petitioner has not filed an objection to the R&R, this Court will conduct a brief review of the dispositive legal issues for plain error or manifest injustice.

**DISCUSSION:**
As the Third Circuit instructs, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "sets a statute of limitations period of one year to apply for a writ of habeas corpus challenging state court action." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001) (referencing 28 U.S.C. § 2244(d)(1) and *Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999)). The Third Circuit also notes how "[t]he statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) *statutory tolling* during the time a

'properly filed' application for state post-conviction review is pending in state court and (2) *equitable tolling*, a judicially crafted exception." *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (emphasis added) (referencing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)). In this case, Judge Lloret notes that Petitioner's "petition was filed well after his one-year statute of limitations expired, and his untimely filing cannot be remedied by statutory tolling, equitable tolling, or a claim of actual innocence." (R&R, p. 2, ECF No. 6.) Since Petitioner does not raise an actual innocence defense in his petition, this Court will focus solely on Judge Lloret's finding that neither statutory tolling nor equitable tolling could be invoked.

**Statutory Tolling**
Under the AEDPA, the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As described above, the Pennsylvania Supreme Court, on December 27, 2017, denied Petitioner's petition for allowance of appeal in connection with his PCRA petition. Even if statutory tolling essentially stopped the clock until December 27, 2017 (and gave Petitioner until the end of 2018 to file a petition), Petitioner still did not file his petition for habeas corpus relief until December 17, 2021—*i.e.*, well beyond the AEDPA's year-long statute of limitations. Taken together, Judge Lloret correctly concluded that statutory tolling could not cure the untimely filing of Petitioner's petition for habeas corpus relief.

**Equitable Tolling**
As described above, equitable tolling is the second avenue by which Petitioner can cure his seemingly time-barred petition. As the U.S. Supreme Court notes, "[w]e have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As the Third Circuit instructs, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). Additionally, equitable tolling should "be used sparingly." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 237 (3d Cir. 1999). Finally, in describing what constitutes an extraordinary circumstance that would warrant equitable tolling, the Third Circuit highlights three examples in particular: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).

In this case, Petitioner has not shown that he has been pursuing his rights diligently. After all, it took more than two years for Petitioner to file another petition or claim in his case. Further, Petitioner fails to satisfy any of the three examples proffered by the Third Circuit that would demonstrate an "extraordinary circumstance" that would warrant equitable tolling. Though Petitioner invokes mental health challenges, intellectual disabilities, and an inability to comprehend English as reasons for equitable tolling relief (Petition, p. 24, ECF No. 1), Judge Lloret illuminates the demanding standard (in some instances, rising to the level of being adjudicated incompetent) that is imposed on Petitioner to meet his burden and showing of an extraordinary circumstance that prevented him from timely filing his petition. Taken together, Judge Lloret rightfully determined that equitable tolling could not be invoked to salvage Petitioner's untimely petition.

**CONCLUSION:**
Upon review of Judge Lloret's time-barred analysis in his February 24, 2022 Report & Recommendation and this Court's failure to find plain error or manifest injustice within the R&R, this Court approves and adopts the R&R and dismisses with prejudice Petitioner's Petition for Writ of Habeas Corpus.